UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO.: 1:08CV-164-M

| | |
|---|---|
| C.W. JONES and GALLAGHER BASSETT SERVICES, INC. | PLAINTIFF/ INTERVENING PLAINTIFF |

v.

| | |
|---|---|
| QUICK & WISER AUTO SALES, LLC, HAROLD W. PANNELL, and STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the defendants, Quick & Wiser Auto Sales, LLC (Q&W) and Harold W. Pannell, for summary judgment [DN 40]. Fully briefed, this motion is ripe for decision.

### I. BACKGROUND

The facts relevant to the defendants' motion are undisputed. The plaintiff, C.W. Jones, was involved in an automobile accident on November 15, 2006. The automobile, being driven by Pannell, was owned by Q&W. At the request or direction of Q&W, both Pannell and Jones were transporting the automobile from Q&W's used car dealership in Hendersonville, Tennessee to a location in Indianapolis, Indiana when the crash occurred in Hart County, Kentucky. As a result of his injuries, Jones filed a claim for workers' compensation in Tennessee pursuant to that state's Workers' Compensation Law (TWCL), Tenn. Code Ann. § 50-6-101 *et seq*. In that proceeding, Q&W argued that it was not obligated to provide workers'

compensation benefits because Jones was not its statutory "employee," as defined by § 50-6-102(10). The parties ultimately resolved their dispute through a non-mediated settlement agreement. Prior to the execution of the agreement, Jones had already received $6,066.55 for temporary total disability benefits and the settlement agreement awarded an additional $4,500.00 for permanent partial disability benefits.

A Tennessee Workers' Compensation Specialist later approved the agreement finding (a) that Jones was represented by counsel; (b) that Jones understood his rights provided by the TWCL; and (c) that Jones would be receiving substantially the benefits provided by the TWCL. Jones now argues that he was an independent contractor rather than an employee and therefore not subject to the exclusivity provision of the TWCL. Q&W and Pannell also take a position inconsistent with their position in the workers' compensation proceeding. They now argue that Jones was Q&W's employee and that they are therefore entitled to summary judgment.

## II. SUMMARY JUDGMENT STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III.  DISCUSSION

Q&W and Pannell argue that Jones, by filing a successful workers' compensation claim in Tennessee, is judicially estopped from arguing that he was anything other than Q&W's employee. And if he was Q&W's employee, then his exclusive remedy in both Kentucky and Tennessee was his claim for workers' compensation benefits. See Tenn. Code Ann. § 50-6-108 ("The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident, . . . shall exclude all other rights and remedies of the employee"); KRS 342.690 ("If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee").

## JUDICIAL ESTOPPEL[1]

"The judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." Reynolds v. Comm'r, 861 F.2d 469, 472 (6th Cir. 1988) (citing Edwards, 690 F.2d at 598). The purpose of this doctrine "is to protect the judiciary, as an institution, from the perversion of judicial machinery," Edwards, 690 F.2d at 599 (citing Allen v Zurich Ins. Co., 667 F.2d 1162, 1167 (4th Cir. 1982)), by preventing a party from "'achieving success on one position, then arguing the opposite to suit an exigency of the moment,'" Longaberger Co. v. Kolt, --- F.3d ----, 2009 WL 3806079, at *8 (6th Cir. Nov. 16, 2009) (quoting Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1217-18 (6th Cir. 1990)). To satisfy the prior success requirement, there must be "judicial acceptance" of the prior inconsistent position. Edwards, 690 F.2d at 599. This would generally mean that a party is not judicially estopped from taking a position that is inconsistent with a prior proceeding where that prior proceeding is ultimately settled. See id. However, success on the merits is not a necessary prerequisite for application of the doctrine; all that is required is "that the first court has adopted

---

[1] The parties correctly recognize, that this being a tort action, Kentucky courts would apply the "any significant contacts" test to determine the applicable substantive law. Saleba v. Schrand, --- S.W.3d ----, 2009 WL 4111475, at *3 (Ky. Nov. 25, 2009) (citing Foster v. Leggett, 484 S.W.2d 824, 829 (Ky. 1972)). Under this test "if there are significant contacts–not necessarily the most significant contacts–with Kentucky, the Kentucky law should be applied." Foster, 484 S.W.2d at 829. Here, the automobile accident occurred in Kentucky, which is, "by itself, sufficient to justify application of Kentucky law." Harris Corp. v. Comair, Inc., 712 F.2d 1069, 1071 (6th Cir. 1983) (citing Arnett v. Thompson, 433 S.W.2d 109, 114 (Ky. 1968)). Notwithstanding Kentucky's choice of law rule, the rule in the Sixth Circuit is that "federal, rather than state, principles provide the rule of decision" for applying the doctrine of judicial estoppel. Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 n.4 (6th Cir. 1982) (citing Allen v. Zurich Ins. Co., 667 F.2d 1162, 1167 n.4 (4th Cir. 1982)).

4

the position urged by the party, either as a preliminary matter or as part of a final disposition." Reynolds, 861 F.2d at 473 (citing Edwards, 690 F.2d at 599 n.5). Therefore, where the first court is required to approve of settlements reached by the parties and does not "act as a mere rubber stamp" of those agreements, there has been sufficient "judicial acceptance" of the settlement agreement so as to invoke the doctrine of judicial estoppel. Id.; but see Edwards, 690 F.2d at 600 (judicial estoppel does not apply to settlement agreements approved by an administrative body where the administrative body is acting as an adversary rather than in a quasi-judicial capacity).

Although the doctrine usually applies in the context of prior *judicial* proceedings, it has also been applied to prior *administrative* proceedings. The Sixth Circuit, for example, has held that a plaintiff in a personal injury action is judicially estopped from asserting a position inconsistent with that successfully taken before a workers' compensation board. See Smith v. Montgomery Ward & Co., 388 F.2d 291, 291 (6th Cir. 1968); see also Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 604 (9th Cir. 1996) (preventing a party from taking a position inconsistent with prior workers' compensation proceeding). In Rissetto, a plaintiff, who brought a claim for age discrimination, had previously applied for and settled a claim for temporary total disability benefits under the state's workers' compensation law. Rissetto, 94 F.3d at 598-99. The court held that the plaintiff was judicially estopped from both asserting a claim for workers' compensation and age discrimination as the two claims were inconsistent. Id. at 600. The court reasoned that "[i]n applying for workers' compensation temporary total disability benefits . . ., [the] plaintiff necessarily asserted that she was unable to work." Id.

5

(finding that total disability occurs when an employee is unable to earn any income). And although the claim for workers' compensation did not result in an award by the board, but rather a settlement agreement with the employer's insurer, the court held that the approval of the settlement agreement by the board was sufficient to constitute a "prior success." Id. at 604-05. The Ninth Circuit concluded that this prior success before the workers' compensation board was inconsistent with her claim that she was able to perform her job in a satisfactory manner–an element of a prima facie case for age discrimination. Id. at 600, 604-06.

The Court agrees with the defendants that Jones is judicially estopped from arguing that he was an independent contractor. Like Rissetto, Jones, by applying for workers' compensation benefits, necessarily asserted that he was Q&W's employee. Cf. id at 600 (by making a claim for total disability benefits the claimant "necessarily" asserted that she was unable to work). And as Kentucky and Tennessee courts apply similar factors to determine whether an individual is an employee subject to the exclusivity provision of each state's respective workers' compensation law, the Court is of the opinion that Jones is estopped from arguing that these factors warrant a different finding in Kentucky and Tennessee. In Tennessee for example, the courts consider the following factors: "(I) The right to control the conduct of the work; (ii) The right of termination; (iii) The method of payment; (iv) The freedom to select and hire helpers; (v) The furnishing of tools and equipment; (vi) Self-scheduling of working hours; and (vii) The freedom to offer services to other entities." Tenn. Code Ann. § 50-6-102(10)(D). Similarly, Kentucky courts consider: "(a) the extent of control which, by the agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a

distinct occupation or business; (c) The kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is a part of the regular business of the employer; and (I) whether or not the parties believe they are creating the relationship of master and servant." Ratliff v. Redmon, 396 S.W.2d 320, 324-25 (Ky. 1965) (quotation omitted). In both states, the most important factor to consider is the right to control the details of the work. Id. at 327 (Kentucky law); Lindsey v. Smith & Johnson, Inc., 601 S.W.2d 923, 925 (Tenn. 1980) (Tennessee law).

Although Q&W contested whether Jones was an employee,[2] it was Jones's position that was ultimately accepted by the Tennessee Workers' Compensation Specialist when she approved the settlement agreement providing Jones with benefits under the TWCL. Now Jones is arguing that he is not subject to the exclusivity provision of Tennessee or Kentucky's workers' compensation laws. But having successfully argued otherwise in a prior proceeding, Jones is estopped from claiming that he was not Q&W's employee. Therefore the exclusivity provision of both Kentucky and Tennessee law preclude this claim against Q&W. See Tenn.

---

[2] Jones contends that Q&W, by arguing in the workers' compensation proceeding that Jones was not its employee, is judicially estopped from arguing otherwise here. But it was Jones's position that was accepted in the settlement agreement that was subsequently approved by the Workers' Compensation Specialist.

Code Ann. § 50-6-108; KRS 342.690. Q&W is therefore entitled to summary judgment. Although judicial estoppel precludes Jones's claim against Q&W, it does not necessarily preclude Jones's claim against Pannell. Pannell does not indicate how judicial estoppel would bar the claim against him. Seeking tort damages against Pannell is not necessarily inconsistent with receiving an award of compensation against Q&W because the workers' compensation law of both Kentucky and Tennessee allow for tort recovery against third-parties.[3] See Tenn. Code Ann. § 50-6-112 (allowing an injured employee to file both a claim for compensation under the TWCL and also a tort claim against third-parties that are responsible for the injuries); KRS 342.700 (same). Because Pannell has not established a lack of a genuine issue of material fact, he is not entitled to summary judgment.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion by the defendants, Quick & Wiser Auto Sales, LLC and Harold W. Pannell, for summary judgment [DN 40] is **GRANTED** as to Quick & Wiser Auto Sales, LLC, but **DENIED** as to Pannell.

cc:   Counsel of Record

---

[3] To be sure, if Pannell was also Q&W's employee, then this tort claim against him would also be barred. See Majors v. Moneymaker, 270 S.W.2d 328, 331 (Tenn. 1954) (a co-employee is generally not a "third person" subject to tort liability under § 50-6-112, and is therefore entitled to the same immunity as the employer); Fireman's Fund Ins. Co. v. Sherman & Fletcher, 705 S.W.2d 459, 464 (Ky. 1986) ("the exemption from liability granted to an employer by KRS 342.690(1) is also extended to all employees of the employer"). But Jones, in his response, has pointed to evidence which would indicate that Pannell might have been an independent contractor.